UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDRES LUCERO, | § | No. 1:25-CV-294-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| CUBA, | § | |
| | § | |
| *Defendant*. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Recommendation") filed by U.S. Magistrate Judge Mark Lane on April 1, 2025. (Dkt. # 4.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation.

BACKGROUND

On February 27, 2025, Plaintiff Andres Lucero ("Plaintiff" or "Lucero") filed suit against an individual named "Cuba." (Dkt. # 1.)  In his Complaint, Lucero alleged that "Cuba" has stalked him and Moni Bolton in downtown Austin.  (Id. at 3.)  Lucero attached a "Corpus Delecti" to his complaint

1

in which he further pleads that "Cuba" assaulted Lucero with a machete, sells meth, and prostitutes Lucero's girlfriend from his home.  (Id. at 7.)  Lucero further alleges that he is disabled as his "hands were previously hacked off in August 27, 2004 [sic]."  (Id.)  Lucero requests social security disability income due to his injuries.  (Id.)  He "declares that it is to [him] a privelege [sic] to hold residual rights to posses [sic] heroin due to the fact that [he is] homeless and disabled and have self medicated [sic] in this manner so that this issue not affect [him] in a negative way."  (Id. at 8.)  Lucero also seeks "Do not detain status" and for all filings in this action to be sealed.  (Id. at 8–9.)  Along with his Complaint, Lucero submitted an application to proceed *in forma pauperis*.  (Dkt. # 2.)

After review, the Magistrate Judge granted Lucero's application to proceed *in forma pauperis*.  (Dkt. # 4 at 1.)  The Magistrate Judge also reviewed Lucero's *pro se* Complaint under 28 U.S.C. § 1915(e) and recommended dismissing Lucerro's claims.  (Id. at 2–4.)  Finally, the Magistrate Judge recommended that the Court warn Lucero that continuing to file frivolous or duplicative suits in this Court may result in imposition of monetary sanctions and a pre-filing bar.  (Id. at 4.)  The Magistrate Judge's Recommendation was served on Lucero on April 5, 2025.  (Dkt. # 6.)  Lucero has filed no objections to the Recommendation.

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Recommendation. The Court agrees with Judge Lane's analysis and finds it is reasonable and absent of clear error.

Judge Lane found that the Court lacks jurisdiction to hear Lucero's claims. (Dkt. # 4 at 3.) He concluded that the Court did not have federal question jurisdiction as Lucero alleged no basis in federal law for his Complaint. (Id.) He further determined that Lucero had not alleged any facts supporting diversity jurisdiction as "Cuba" has a "home" in Austin, and there are no facts alleged that bring the amount in controversy above $75,000. (Id. at 3–4.) The Court agrees with Judge Lane's conclusions. See 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); see also 28 U.S.C. § 1915(e)(2) (providing in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Judge Lane also recommended that the Court warn Lucero that continuing to file frivolous or duplicative suits in this Court may result in imposition of monetary sanctions and a pre-filing bar given that he previously filed a stalking claim against another Defendant in this Court, see Cause No. 1:24-cv-958-RP.  The Court agrees with Judge Lane's recommendation.

Accordingly, the Court **ADOPTS** Judge Lane's Recommendation.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 4) and **DISMISSES WITHOUT PRJEUDICE** under § 1915(e)(2) Lucero's claims. The Court further **WARNS** Lucero that continuing to file frivolous or duplicative suits in this Court may result in imposition of monetary sanctions and a pre-filing bar. The Clerk's Office is hereby instructed to close the case.

**IT IS SO ORDERED**.

DATED: Austin, Texas, December 4, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge